UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EAST COAST BROKERS & PACKERS, INC., et al., | : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:00-CV-2177 (JCH) |
| v. | : | |
| WILLIAM DUBINSKY & SONS, INC., also d/b/a Dubinsky & Musto & Parmelee, et al. | : | |
| Defendants | : | |
| | | |
| DOMESTIC MUSHROOM CO., INC., d/b/a Gourmet's Finest, et al. | : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:00-CV-2184 (JCH) |
| v. | : | |
| WILLIAM DUBINSKY & SONS, INC., also d/b/a Dubinsky & Musto & Parmelee, et al. | : | |
| Defendants | : | |

**OPPOSITION TO MOTION TO REOPEN**

Defendants William Dubinsky & Sons, Inc., also d/b/a Dubinsky & Musto & Parmelee ("DMP") and Daniel S. Dubinsky oppose the Motion to Reopen filed by the Secretary of the United States Department of Agriculture ("USDA"). As explained below, the motion should be denied because it was not filed within a reasonable time. In addition, the relief sought does not accomplish justice and would be an inappropriate exercise of the Court's equitable powers.

I. <u>BACKGROUND</u>

- 1 -

This action involved claims by produce sellers of defendants to enforce and distribute a statutory trust established under the Perishable Agricultural Commodities Act, as amended (7 U.S.C. 499a et seq). This Court issued a Preliminary Injunction Order on December 15, 2000, which provided for the liquidation and distribution of assets to the qualified produce sellers. This Order contained a provision enjoining all persons and entities from prosecuting any action against DMP or its agents. The Preliminary Injunction Order was served on USDA on January 8, 2001, and USDA responded by staying any and all proceedings against DMP pending before it. See Exhibit 1.

Defendant DMP was liquidated and Daniel S. Dubinsky assisted in the collection of DMP's receivables as well as the discovery of additional assets of DMP. As a result of Daniel S. Dubinksy's efforts, the trust creditors were paid 100 percent of their claims *plus* attorneys fees.

Following disbursement of the trust assets, the Court entered a Permanent Injunction and Order of Dismissal With Prejudice on December 13, 2001 ("the Permanent Injunction"), which held in pertinent part: "[a]ll persons and entities are hereby permanently enjoined from initiating, continuing or prosecuting any action against Dubinsky, or any of its officers, directors, agents or employees for PACA-related claims arising from activity of its officers, directors, agents or employees for PACA-related claims arising from activity of Dubinsky prior to November 13, 2000..." As it clearly states, the Permanent Injunction was intended to resolve *all* PACA-related claims and actions against DMP and its officers, including Daniel S. Dubinsky, arising from activities prior to November 13, 2000.

2

On October 21, 2001, USDA filed a disciplinary action against DMP and a related proceeding against Daniel S. Dubinsky. By letter dated February 26, 2002, counsel for DMP and Daniel S. Dubinsky provided USDA with a copy of the Permanent Injunction. See Exhibit 3 to Motion for Leave. Although being served on January 8, 2001 with the Preliminary Injunction Order, which enjoined other actions, and on February 26, 2002 with the Permanent Injunction, USDA did not take any action until October 9, 2003, when it filed its Motion to Reopen. Furthermore, USDA gives no reason why it waited until October 9, 2003 to file the instant motion.

## II. ARGUMENT

Twenty months after receiving notice of the Permanent Injunction, USDA now seeks to reopen this action pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. USDA seeks a modification of the Permanent Injunction so that it may proceed with its disciplinary action to revoke the PACA license of DMP and to forbid employment in the produce industry of one of its alleged officers, Daniel S. Dubinsky. Rule 60(b)(6) requires that the motion be made in a reasonable time, with a showing of "extraordinary circumstances" to warrant relief. Old Republic Ins. Co. v. Pacific Financial Services of America, Inc., 301 F.3d 54, 59 (2d Cir. 2002). For the reasons explained below, the motion should be denied.

The motion to reopen was not filed in a reasonable time, as required by Rule 60(b)(6). The determination of whether the time of filing is reasonable is based on the length of delay, reasons for the delay and prejudice to the opposing party. Matter of Emergency Beacon Corp., 666 F.2d 754, 760 (2d Cir. 1981). As explained below, these factors demonstrate that the motion was not filed in a reasonable time.

### Length of Delay

Twenty-two months have passed between the entry of the Permanent Injunction on December 13, 2001 and the filing of the motion. Twenty months have passed since USDA admits to receiving notice of the Permanent Injunction on February 26, 2002. A twenty month delay in filing a motion for relief under Rule 60 (b) is simply too long a period. See e.g., West v. Gilbert, 361 F.2d 314, 316 (2d Cir. 1966) (upholding denial of Rule 60 relief based on delay of approximately 3 months), cert. denied, 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143 (1966); Mut. Life Ins. Co. v. Pointe Tapatio Resort Props. No. 1 L.P., 206 F.R.D. 495 (D.Az. 2002) (delays far shorter than 20 months in moving for relief under 60(b) unreasonable); Barry v. Atkinson, 193 F.R.D. 197 (S.D. N.Y. 2000) (filing 60(b)(6) motion nine (9) months after issuance of order not within a reasonable time); Yanow v. Weyerhaeuser, 274 F.2d 274 (9th Cir. 1958) (11 months after decision not a reasonable interval); Timothy A. Gaverick & Associated v. Heidtman Steel Products, 807 F. Supp. 430 (E.D. Mich. 1992) (12 month's delay in filing not within a reasonable time); Gilmore v Hinman, 191 F.2d 652 (D.C. Cir. 1951) (motion to vacate judgment 16 months after entry too late because 16 months is not "reasonable"); Armour & Co. v. Nard, 56 F.R.D. 610 (N.D. Iowa 1972) (60(b) motion filed more than one year after judgment was not timely); Planet Corp. v. Sullican, 702 F.2d 123 (7th Cir. 1983) (one year delay in filing a 60(b) motion is manifestly unreasonable); Jurin v. Wiltshire Parkway, Inc, 238 F.2d 263 (D.C. Cir. 1956) (filing 60(b) motion 16 months after the court entered order not timely).

Reasons for Delay

Moreover, USDA has failed to proffer *any* explanation for its failure to take timely action to challenge the scope of the Permanent Injunction. See e.g., Mut. Life Ins. Co. v.

Pointe Tapatio Resort Props. No. 1 L.P., 206 F.R.D. 495 (D.Az. 2002) (party must show good reason for failure to take appropriate action sooner).

### Prejudice to Opposing Party

While the USDA waited 20 months to file its motion to reopen, the defendants reasonably believed all PACA matters arising from events before November 13, 2000 were settled. USDA now wants to investigate PACA claims arising before November 13, 2000, so that it can revoke the PACA license of DMP, even though the license was terminated in February, 2001. See Exhibit 3 hereto. Furthermore, DMP is defunct, has not been operating for three years, and will never operate again. There simply is no need to pursue a disciplinary action against DMP. However, such action is a predicate to pursuing employment restrictions against Daniel S. Dubinsky for allegedly being "responsibly connected" to DMP. By granting the USDA's motion, defendant Daniel S. Dubinsky will be forced to respond to PACA-related claims that he reasonably believed were settled years ago. Necessary witnesses and documents will be difficult, if not impossible, to locate in order to defend these actions. Furthermore, Mr. Dubinsky obtained employment in the produce industry two (2) years ago on the basis that all of these claims were settled. It would be extremely prejudicial to reverse the basis on which he reasonably acted and subject him to yet additional litigation and another major career disruption this long after the case was settled.

In seeking equitable relief under Rule 60(b)(6) almost two years after it had notice of the Permanent Injunction at issue, USDA ignores the maxim that equity aids the vigilant and not those who slumber on their rights. The prejudice of reopening this case and the interests in finality considerably outweigh the non-existent reasons for USDA's failure to take appropriate action sooner.

III. CONCLUSION

For the foregoing reasons, Defendants DMP and Daniel S. Dubinsky request that the motion to reopen be denied.

Respectfully submitted,

McCARRON & DIESS

By:_____
Louis W. Diess, III
4910 Massachusetts Avenue, N.W.
Suite 18
Washington, D.C. 20016
(202) 364-0400

and

JONATHAN J. EINHORN, ATTORNEY
AND COUNSELOR AT LAW

By:_____
Jonathan Einhorn, #CT00163
412 Orange Street
New Haven, CT 06511
(203) 782-1721
Attorney for Defendants

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Opposition to Motion to Reopen was mailed, postage prepaid, this 10th day of November, 2003, to the following:

Gerard I. Adelman
Weigand, Mahon & Adelman
636 Broad Street
PO Box 2420
Meriden, CT 06450

Sandra K. Davis
Brown Rudnick Berlack Israels
CityPlace I, 185 Asylum St.
Hartford, CT 06103-3402

Valerie S. Carter
Riley & Dever
Lynnfield Woods Office Park
210 Broadway, Suite 201
Lynnfield, MA 01940-2351

William H. Erickson
David J. Elliott
Day, Berry & Howard
Hartford, CT 06103-3499

Case 3:00-cv-02177-JCH   Document 96   Filed 11/10/2003   Page 7 of 14

Dominic Fulco III
Reid & Riege, P.C.
One Financial Plaza
Hartford, CT 06103-3185

Lauren M. Nash
U.S. Attorney's Office
157 Church Street, PO Box 1824
New Haven, CT 06510

Stuart A. Margolis
Berdon, Young & Margolis, P.C.
132 Temple Street
New Haven, CT 06510

Michael J. Keaton
Keaton & Associates
1278 W. Northwest Hwy #903
Palatine, IL 60067

Whitton E. Norris III
Davis, Malm & D'Agostine
One Boston Place
Boston, MA 02108

_____
Jonathan J. Einhorn
#CT00163

7



**The Recovery Group**

270 Congress Street
Boston, MA 02210
(617) 482-4242
(617) 482-9804 Fax

January 8, 2001

**VIA FACSIMILE**
732.846.0427

United States Department of Agriculture
Agricultural Marketing Service
ATTN: Michiko F. Shaw, Regional Director
Northeast Region, PACA Branch
622 Georges Road, Suite 303
North Brunswick NJ 08902

    Re:    Dubinsky Musto & Parmelee ("DMP")
            101 Reserve Road
            Hartford CT 06114

Dear Ms. Shaw:

This letter will confirm my discussion with a member of your office on Friday, January 5, 2001, in which we discussed the wind-down and liquidation of the DMP office in Hartford, Connecticut.

I have received several notices of complaints by various creditors against DMP, and have forwarded these on to Tony Norris, Esquire, of Davis Malm D'Agostine, the firm representing DMP.

In answer to your request for a response to your complaints, I have enclosed a copy of an order that was entered in the District Court of Connecticut, which is currently overseeing the liquidation of DMP.

If you have additional questions, please do not hesitate to contact me.

Sincerely yours,

Linda Hein

cc:    Tony Norris, Esquire
        Bruce Erickson
        Stephen S. Gray

EXHIBIT _____1_____

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EAST COAST BROKERS & PACKERS, INC., et al., Plaintiffs, | : CIVIL ACTION NO.<br>: 3:00-cv-2177 (JCH) |
| v. | : DECEMBER 15, 2000 |
| WILLIAM DUBINSKY & SONS, INC., a d/b/a Dubinsky, Musto & Parmelee, et al., Defendants. | |
| DOMESTIC MUSHROOM CO., INC. d/b/a Gourmet's Finest, et al., Plaintiffs, | : CIVIL ACTION NO.<br>: 3:00-cv-2184 (JCH) |
| v. | : DECEMBER 15, 2000 |
| WILLIAM DUBINSKY & SONS, INC., a d/b/a Dubinsky, Musto & Parmelee, et al., Defendants. | |

## ORDER ENTERING PRELIMINARY INJUNCTION AND ESTABLISHING CLAIMS PROCEDURE

### BACKGROUND

East Coast Brokers & Packers, Inc., Dayoub Marketing, Inc., Dole Fresh Vegetables, Inc., Fish Farms, Inc., Seneca Produce, Inc. and Six L's Packing Company, Inc.(collectively, the "Plaintiffs"), pursuant to Rule 3 of the Federal

Rules of Civil Procedure ("Federal Rules"), commenced the first above-entitled action on November 13, 2000 against the defendants, Dubinsky, Musto & Parmelee, a d/b/a of William Dubinsky & Sons, Inc. (the "Company"), and the alleged principals of the Company, Daniel Dubinsky, Frank T. Musto, David M. Parmelee and Nigel Lees, each in their individual capacity (collectively, the "Principals") (the Company and the Principals are further collectively referred to as the "Defendants"). Domestic Mushroom Co., Inc. commenced the second above-entitled action against the Defendants on November 13, 2000. The parties have represented that they anticipate that additional creditors will assert claims against the Defendants, including trust claims against the Defendants under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499 et. seq.

The court issued two temporary restraining orders ("TRO") on November 13, 2000, to preserve the status quo in order to preserve PACA trust assets in the winding up of the Company's business affairs. Prior to the issuance of these TROs, the Company, by and through its counsel, took steps to preserve PACA trust assets. Such steps included, but were not necessarily limited to: (a) recognizing the priority of valid PACA trust claims in those assets deemed to be valid PACA trust assets; (b)

-2-

attempting to identify and then segregating PACA trust assets for the benefit of valid PACA trust claimants; and (c) proposing a plan for the orderly determination of creditor claims to the Company's assets and the orderly liquidation of those assets, and for the payment of all valid creditors of the Company, including both valid PACA trust claimants and valid non-PACA trust claimants.

Since the filing of the instant lawsuits, counsel for all parties (collectively "Counsel") have conferred in an attempt to conserve fees and costs, as well as the court's time in connection with these actions, and have reached substantial agreement regarding the terms of this Preliminary Injunction and the manner in which the Company will satisfy claims that may be entitled to trust beneficiary status under PACA. On December 4, 2000, upon referral from this court, Magistrate Judge Smith took up the matter of a preliminary injunction. As a result, a Consent Injunction and Agreed Order Establishing Claims Procedure ("draft Consent Injunction") (attached hereto as Exhibit A) was prepared through the cooperative efforts of all counsel and parties. After conducting the hearing, and hearing argument and representations from all parties present, Magistrate Judge Smith recommended that the draft Consent Injunction be ordered and that the only

objection thereto, by East Coast Brokers to the expense ($57,000) budgeted in the draft Consent Injunction for the services of The Recovery Group in connection with the liquidation of assets and payment of claims, be overruled.

Upon consideration of the draft Consent Injunction, this court questioned what jurisdictional authority it had to order a binding claims procedure for non-PACA claims and over non-PACA claimants not before this court. The court then held a telephonic conference with counsel on December 8, 2000, not on the record, to raise its concerns. Thereafter, Company counsel revised the draft Consent Injunction in an attempt to address the court's concerns. On December 13, 2000, the court again conferred by phone with counsel, on the record, to discuss the revised draft Consent Injunction, including a few unobjected-to changes suggested by some counsel and the court. The only objection remaining was the one previously made by East Coast. Following that conference, the court has further modified the draft Consent Injunction to address its concerns concerning the scope of the injunction and claims procedure.

The Company has represented that it does not have any objection to the entry of a preliminary injunction upon the terms reflected herein, which are in essence the

-4-

draft Consent Injunction as modified by this court. The Company recognizes that certain unpaid suppliers of produce to the Company may be entitled to a beneficial interest in the single pool of assets or PACA trust res which includes "perishable agricultural commodities received in all transactions, all inventories of food or other products derived from such perishable agricultural commodities, ("Produce") and all receivable or proceeds from the sale of such commodities and food or products derived therefrom" held in the Company's name (the "PACA trust assets"), in priority to the unpaid claims of other, non-PACA creditors.

On the basis of the record and the telephonic conferences held with counsel, the court finds that the plaintiffs are likely to succeed on the merits of their cases and that, absent this Order, they will likely suffer irreparable harm in the dissipation of the PACA trust assets. Further, the court finds the parties generally agree that this order is reasonable and necessary to provide a procedural framework to determine those of the Company's assets that are PACA trust assets, and those that are not; to review, qualify and satisfy any and all PACA trust claims against the Company, including which claimants shall be entitled to share in the PACA trust assets as determined by this court; to maximize the recovery for creditors, including the

-5-

unpaid beneficiaries of the PACA trust assets; and to ensure the rights of all potential PACA trust claimants are efficiently addressed in a single proceeding without the expense of administering multiple separate actions to enforce the Company's obligations to all potential PACA trust claimants.

Based on the foregoing as well as on the conferences held with counsel, IT IS HEREBY ORDERED that the recommended ruling of Magistrate Judge Smith is adopted and ratified, except as it has been modified by this court for the above-stated reasons. Therefore, it is ordered that:

I. <u>PRELIMINARY INJUNCTION</u>

1. During the pendency of this Preliminary Injunction, any and all pending PACA actions (except the above-referenced matters that are hereby consolidated) which arise under or relate to unpaid claims against the Company, including those for unpaid deliveries of Produce, are hereby stayed and all subsequent PACA actions against the Company or its assets for debt collection are hereby barred, except if brought in this court, or if asserted by way of the claim process set forth herein. This prohibition shall apply to all PACA actions or proceedings in all courts or other forums pending further order of this Court.