UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EAST COAST BROKERS & PACKERS, INC. Et al., | : : | |
| Plaintiffs | : | CIVIL ACTION NO. |
| v. | : : | 3:00-CV-2177 (JCH) |
| WILLIAM DUBINSKY & SONS INC., also d/b/a Dubinsky & Musto & Parmelee, et al. | : : : | |
| Defendants | : : | |
| _____ | : | |
| DOMESTIC MUSHROOM CO., INC., d/b/a Gourmet's Finest, et al., | : : | |
| Plaintiffs | : | CIVIL ACTION NO. |
| v. | : : | 3:00-CV-2184 (JCH) |
| WILLIAM DUBINSKY & SONS INC., also d/b/a Dubinsky & Musto & Parmelee, et al. | : : : | |
| Defendants | : | |
| _____ | : | NOVEMBER 19, 2003 |

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO REOPEN**

The United States of America, appearing on behalf of the Secretary of the United States Department of Agriculture (USDA), hereby respectfully submits this rely brief in further support of its motion to reopen the above-captioned action. This brief is also submitted in response to the November 10, 2003 Opposition to Motion to Reopen filed by the Defendants, William Dubinsky & Sons, Inc.

Defendants oppose the USDA's motion to reopen on the grounds that it was not timely filed under Rule 60(b)(6) of the Federal Rules of Civil Procedure.  See Defendants' Opposition at 3-5.  Specifically, Defendants argue that there was an unreasonable length of delay, that there was no reason for the delay, and that the delay causes them prejudice.  However, an examination of the facts of this case reveals that the Defendants' arguments are without merit.

First, the motion to reopen was filed within a reasonable time under the circumstances in this case.  As the government indicated in its supporting memorandum, Rule 60(b)(6)(b) provides that on motion, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for any reason justifying relief from the operation of the judgment. Motions under Rule 60(b)(6) "shall be made within a reasonable time. . ."   The government has made this motion as soon as practicable after ascertaining with certainty that resort to the Court was its only option.

On February 26, 2002, Stephen P. McCarron, an attorney representing Sunblush Technologies Corporation (Sunblush), a parent company of WDSI, and Daniel S. Dubinsky, an individual responsibly connected to WDSI, wrote to the USDA, PACA Branch, enclosing a copy of this Court's order of December 13, 2001 and indicating his belief that the order bars the USDA from proceeding with the PACA disciplinary action filed against WDSI.  The USDA Office of General Counsel then referred the matter to this United States Attorney's Office and the case was assigned to the undersigned counsel in September of 2002.  Additional background information was provided to the undersigned in October of 2002.  In November and December of 2002, USDA Office of General Counsel had contact with Attorney McCarron concerning his position regarding a reopening of this case, and learned on December 6, 2002 that while he

understood the USDA's position, he could not consent to a motion to relieve the USDA from the effects of the Court's Order.  Undersigned counsel then discussed the case with Attorney Whitton Norris, who represented William Dubinsky & Sons in this district court action, and he indicated no objection to permitting the PACA disciplinary action to proceed.[1]  Attorney McCarron was advised of this position, but he indicated on December 23, 2002 that his client would not agree to any order which would allow the PACA disciplinary action to proceed.

Thereafter, undersigned counsel researched the issues presented, and then she and USDA Office of General Counsel drafted moving papers to present to the Court.  Several drafts were prepared and revisions made, and approval for the proposed motion obtained from supervisory personnel within the U.S. Attorney's Office.  At the end of September, 2003, undersigned counsel called Attorney McCarron to advise him that a motion to reopen would shortly be filed.  Both undersigned counsel and Mr. McCarron agreed that it would make sense to have him review the government's moving papers to determine if he objected to the specific arguments being made.  On October 8, 2003, Attorney McCarron indicated to undersigned counsel that he had reviewed the government's papers, and that his clients would not agree to the motion to reopen.  In light of this position, the government filed its moving papers on October 10, 2003.

The foregoing demonstrates that the government acted reasonably in connection with its motion to reopen, and that the motion should be granted under Fed.R.Civ.P. 60(b)(6).  As this

---

[1] By way of clarification, undersigned counsel contacted Attorney Norris because he represented the defendants, William Dubinsky & Sons and Daniel Dubinsky, in this district court action, and Mr. McCarron's firm represented consolidated plaintiffs in this action.  It was unclear to the undersigned who was speaking for the Dubinsky Company in connection with the government's motion to reopen.  It appears that now Mr. McCarron and Mr. Diess represent the interests of that company and Daniel Dubinsky.

Court has noted, Rule 60(b)(6) is a "catch-all clause . . . [which] gives the district court a 'grand reservoir [of] equitable power to do justice in a particular case.' " Smith v. Muccino, 223 F.Supp.2d 396, 401 (D. Conn. 2002) (quoting Radack v. Norwegian America Line Agency, Inc., 318 F.2d 538, 542 (2d Cir.1963) and citing Klapprott v. United States, 335 U.S. 601, 614-615 (1949) (plurality opinion)("In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.") and Matter of Emergency Beacon Corp., 666 F.2d 754, 760 (2d Cir.1981) (court's discretion "is especially broad under subdivision (6), because relief under it is to be granted when appropriate to accomplish justice") (internal citations and quotations omitted)).

Equitable considerations warrant the reopening of this case, especially given that the government is seeking relief in a case in which it was not a party, from a court order which on its face precludes the government from proceeding with an administrative enforcement action. Rule 60(b)(6) is appropriately invoked under these circumstances. See Nemaizer v. Baker, 793 F.2d 58, 64 (2d Cir. 1986) (citing Dunlop v. Pan American World Airways, Inc., 672 F.2d 1044, 1051 (2d Cir. 1982)). The government is not seeking to amend or otherwise disturb the Order of this Court, but is only seeking permission to proceed with its disciplinary action. The time taken in preparing and filing the motion to reopen was occasioned in large part by the government's attempts to resolve this matter without the need for the involvement of this Court.

In addition, "generally, the United States is not subject to the defense of laches in enforcing its rights." United States v. Litts, No. 3:99CV120 (JCH), 2000 WL 435484, at *2 (D. Conn. Feb 28, 2000) (citing United States v. Summerlin, 310 U.S. 414, 416 (1940)). "[L]aches

is not available against the federal government when it undertakes to enforce a public right or protect the public interest. United States v. Angell, 292 F.3d 333, 338 (2d Cir. 2002) (citing United States v. Summerlin, 310 U.S. 414, 416 (1940); United States v. Arrow Transp. Co., 658 F.2d 392, 394 (5th Cir. 1981)).  None of the cases cited by the Defendants in their opposition involved motions to reopen filed by the U.S. Government.  See Defendants' Opposition at 3-5.  Here, the government is seeking to protect the public's interest by proceeding with its PACA disciplinary action.  The charge of undue delay is simply not available to Defendants.[2]

Finally, there is no evidence of prejudice in this case.  While Defendants allege that they "reasonably believed all PACA matters . . . were settled", see Defendants' Opposition at p.5, there is no support for this assertion.  No document has ever been issued by the USDA advising Mr. Dubinksy that the PACA disciplinary action had been dismissed.   Rather, as indicated above and in the government's moving papers, both undersigned counsel and USDA counsel were in contact with Mr. McCarron concerning the disciplinary action and advised him of the government's position that the administrative action should proceed in spite of the Court's order.  If Mr. Dubinsky believed that the disciplinary action was settled, that belief was not a reasonable one.  As one circuit court has stated in an action in which an IRS summons was challenged on the basis of laches:

---

[2] In the interest of candor, the government advises the Court of a single case which states in dicta that the doctrine of laches is available against the Secretary of Agriculture in a PACA disciplinary proceeding.  See Melvin Beene Produce Co. v. Agricultural Marketing Service, 728 F.2d 347, 350 (6th Cir. 1984).  To the extent that this language affects in any way the general proposition that laches is not a defense to government enforcement action, that case is distinguishable. There, a claim was made that the PACA disciplinary complaint was not timely filed.  Here, the claim is that the government delayed in reopening an action under Rule 60(b)(6).

> The appellants assert that they were lulled into thinking the summons had been abandoned. The plausibility of the assertion may be questioned. The summons had no time limit, was never withdrawn, and, as we are about to see, required the recipient to retain--indefinitely--the documents within its scope. Even if this point is ignored, being lulled and then rudely awakened is not the kind of harm, if it is a harm at all rather than merely another metaphor, that allows laches to be used to deprive a plaintiff of his rights. A more concrete harm must be shown. Cf. Advanced Cardiovascular Systems, Inc. v. SciMed Life Systems, Inc., 988 F.2d 1157, 1163 (Fed.Cir.1993).

United States v. Administrative Enterprises, Inc., 46 F.3d 670, 673 (7th Cir. 1995). The possibility that necessary documents will be difficult to locate is not a concrete harm. Administrative Enterprises, 46 F.3d at 673.

For the foregoing reasons, and the reasons set forth in its moving papers, it is respectfully requested that the government's motion to reopen be granted.

        Respectfully submitted,

        KEVIN J. O'CONNOR
        UNITED STATES ATTORNEY


        LAUREN M. NASH
        ASSISTANT UNITED STATES ATTORNEY
        157 CHURCH STREET
        NEW HAVEN, CONNECTICUT 06508
        (203) 821-3700
        FED. BAR NO. CT01705

BY:    JAMES K. FILAN, JR.
        ASSISTANT UNITED STATES ATTORNEY
        CT15565

## CERTIFICATION

This is to certify that a copy of the within and foregoing was mailed, postage prepaid, this 19th day of November, 2003, to:

Stephen P. McCarron
Louis W. Diess, III
McCarron & Diess
The Miller Building
4910 Massachusetts Avenue, N.W., Suite 18
Washington, D.C.  20016

Jonathan Einhorn
412 Orange Street
New Haven, CT 06511

Stuart A. Margolis
Berdon, Young & Margolis, P.C.
132 Temple Street
New Haven, CT 06510

Gerard I. Adelman
Weigand, Mahon & Adelman
636 Broad Street
P.O. Box 2420
Meriden, CT 06450

David J. Elliott
William H. Erickson
Day, Berry & Howard
City Place
Hartford, CT 06103-3499

Michael J. Keaton
Keaton & Associates
1278 W. Northwest Highway - Suite 903
Palatine, IL  60067-1898

Sandra K. Davis
Brown, Rudnick, Freed & Gesmer
Cityplace I
185 Asylum Street
Hartford, CT 06103-3402

Valerie S. Carter
Riley & Dever
Lynnfield Woods Office Park
210 Broadway
Suite 201
Lynnfield, MA 01940-2351

Dominic Fulco, III
Reid & Riege, P.C..
One State Street
18th Floor
Hartford, CT 06103-3185

Whitton E. Norris, III
Davis, Malm & D'Agostine
One Boston Place
Boston, MA 02108

Robert L. Iamonaco
Rodger C. Boe
Byrne & Storm, P.C.
330 Main Street
P.O. Box 231315
Hartford, CT 06123-1315

_____
JAMES K. FILAN, JR.
ASSISTANT UNITED STATES ATTORNEY
CT15565