UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EAST COAST BROKERS & PACKERS, INC. Et al., | : : | |
|     Plaintiffs | : | CIVIL ACTION NO. |
| v. | : | 3:00-CV-2177 (JCH) |
| | : | |
| WILLIAM DUBINSKY & SONS INC., also d/b/a Dubinsky & Musto & Parmelee, et al. | : : : | |
|     Defendants | : | |
| _____ | : : | |
| DOMESTIC MUSHROOM CO., INC., d/b/a Gourmet's Finest, et al., | : : | |
|     Plaintiffs | : | CIVIL ACTION NO. |
| v. | : | 3:00-CV-2184 (JCH) |
| | : | |
| WILLIAM DUBINSKY & SONS INC., also d/b/a Dubinsky & Musto & Parmelee, et al. | : : : | |
|     Defendants | : | |
| _____ | : | DECEMBER 11, 2003 |

**SUPPLEMENTAL REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO REOPEN**

      The United States of America, appearing on behalf of the Secretary of the United States Department of Agriculture (USDA), hereby respectfully submits this reply brief in further support of its motion to reopen the above-captioned action. This brief is also submitted in response to the December 10, 2003 evidentiary submission filed by the Defendants, William Dubinsky & Sons, Inc.

By way of background, the USDA's motion to reopen was argued before this Court on November 20, 2003. At the conclusion of this argument, the Court reserved decision and asked that the Defendants provide documentary evidence in support of their arguments that the motion to reopen was untimely filed and that the delay caused them prejudice. In particular, the Court asked Defendants to provide evidence to support their claims that the passage of time had allowed for the destruction of documents necessary to defend against the PACA disciplinary action, and had caused Mr. Dubinsky to suffer financial harm. The Court also invited the USDA to submit evidence on the issue of prejudice. The parties' submissions were to be filed with the Court on December 11, 2003, with a subsequent argument date of December 18, 2003.

On December 10, 2003, Defendants submitted several documents in response to the Court's order. These documents include affidavits from Daniel S. Dubinsky and Attorney Stephen P. McCarron, and exhibits thereto. An examination of the Defendants' submissions reveals that Defendants have failed to establish any prejudice caused by the government in this case.

According to the Affidavit of Daniel S. Dubinsky ("Dubinsky Aff."), Mr. Dubinsky received notice in November of 2001 that the USDA was filing a PACA disciplinary action against him. Dubinsky Aff., ¶ 6. He then retained the law firm of McCarron & Diess to represent him in that action. Dubinsky Aff., ¶ 7. Mr. Dubinsky indicates that his attorneys sent the USDA letters in January and February of 2002 stating their position that this Court's order dated December 13, 2001 precluded any PACA action against him. Dubinsky Aff., ¶ 8. He then states, "I did not hear from anyone for a long time after that and I thought the matter was closed." Dubinsky Aff., ¶ 9. Mr. Dubinsky goes on to explain that he and his family moved to Long

Island, New York in May of 2002 to be closer to his job for an unnamed produce company in that city. He states, "I became more and more invested in the company because I thought USDA was not taking any action against me." Dubinsky Aff., ¶¶ 10-11.

According to the affidavit of Attorney Stephen P. McCarron ("McCarron Aff."), he notified the USDA on February 26, 2002 of this Court's Order of December 13, 2001 and of his opinion that this order barred further proceedings against Mr. Dubinsky. McCarron Aff., ¶ 2. He states that he never deviated from this position in any of his conversations with agents of the government. McCarron Aff., ¶ 3. Mr. McCarron indicates that he related this position to USDA Office of General Counsel in November and December of 2002 and again to the undersigned counsel in October of 2003. McCarron Aff., ¶¶ 3-4.

Neither affidavit establishes prejudice caused by the government. While Mr. Dubinsky may have thought that the USDA action was closed, this belief was apparently based on his lack of contact with his counsel. The belief could not have been based on the actions of USDA because no document has ever been issued by the USDA advising Mr. Dubinsky that the PACA disciplinary action had been dismissed. Presumably, if Mr. Dubinsky and his counsel had discussed the matter after February of 2002, Mr. Dubinsky would have learned of Mr. McCarron's discussions with USDA Office of General Counsel in November and December of 2002 and been advised that the USDA did not agree with Mr. McCarron's position.

Similarly, Mr. McCarron does not aver that the government had ever indicated any agreement with his position that the PACA disciplinary action should be dismissed in light of this Court's December, 2001 Order. Mr. McCarron's affidavit simply makes clear that he communicated his position to the government and never deviated from this position.

On the issue of the existence of documents necessary to defend against the PACA disciplinary action, Defendants have made no submission in this regard. It is not clear from this lack of documentation whether documents have been located or whether Defendants have abandoned this prejudice claim. In any event, this argument is wholly unsubstantiated and cannot establish prejudice in this case.

The foregoing demonstrates that the Defendants have failed to establish any prejudice caused by the government which would prevent this Court from granting the government's motion to reopen this action. The sole argument now advanced by the Defendants is that Mr. Dubinsky was lulled into believing that the PACA disciplinary action was dismissed. However, as the government noted in its prior brief, "being lulled and then rudely awakened is not the kind of harm, if it is a harm at all rather than merely another metaphor, that allows laches to be used to deprive a plaintiff of his rights. A more concrete harm must be shown." United States v. Administrative Enterprises, Inc., 46 F.3d 670, 673 (7th Cir. 1995). Mr. Dubinsky's belief that the PACA action was closed was not reasonable, and any financial harm he suffered based on that belief cannot be attributed to the conduct of the government.

For the foregoing reasons, and the reasons set forth in its moving papers, it is respectfully requested that the government's motion to reopen be granted.

        Respectfully submitted,

        KEVIN J. O'CONNOR
        UNITED STATES ATTORNEY

        LAUREN M. NASH
        ASSISTANT UNITED STATES ATTORNEY
        157 CHURCH STREET
        NEW HAVEN, CONNECTICUT 06508
        (203) 821-3700
        FED. BAR NO. CT01705

BY:   KARI A. DOOLEY
       ASSISTANT UNITED STATES ATTORNEY
       FED. BAR NO. CT03491

_____   CERTIFICATION

      This is to certify that a copy of the within and foregoing was mailed, postage prepaid, this 11th day of December, 2003, to:

Stephen P. McCarron
Louis W. Diess, III
McCarron & Diess
The Miller Building
4910 Massachusetts Avenue, N.W., Suite 18
Washington, D.C. 20016

Jonathan Einhorn
412 Orange Street
New Haven, CT 06511

Stuart A. Margolis
Berdon, Young & Margolis, P.C.
132 Temple Street
New Haven, CT 06510

                                                                                            _____
                                                                                          KARI A. DOOLEY
                                                                                          ASSISTANT UNITED STATES ATTORNEY
                                                                                          FED. BAR NO. CT03491