UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EAST COAST BROKERS & PACKERS, INC., et al.,   Plaintiffs, | : :  CIVIL ACTION NO. :  3:00-cv-2177 (JCH) : |
| v. | :  JANUARY 26, 2004 |
| | : |
| WILLIAM DUBINSKY & SONS, INC., a d/b/a Dubinsky, Musto & Parmelee, et al.,   Defendants. | : : : : : |
| _____ | : |
| DOMESTIC MUSHROOM CO., INC. d/b/a Gourmet's Finest, et al.,   Plaintiffs, | : : :  CIVIL ACTION NO. :  3:00-cv-2184 (JCH |
| v. | : :  JANUARY 26, 2004 |
| WILLIAM DUBINSKY & SONS, INC., a d/b/a Dubinsky, Musto & Parmelee, et al.,   Defendants. | : : : : |

**ORDER ON MOTION TO REOPEN**

On October 9, the United States Department of Agriculture petitioned this court to reopen its judgment of December 13, 2001. For the reasons that follow, the motion is denied as moot in light of the fact that the court's injunction does not and was never intended to preclude the Department of Agriculture proceeding at issue here.

**I.    DISCUSSION**

On December 13, 2001, the court entered a permanent injunction enjoining "[a]ll persons and entities" from "initiating, continuing or prosecuting any action against

1

Dubinsky, or any of its officers, directors, agents, or employees for PACA-related claims arising from activity of Dubinsky prior to November 13, 2000, the date of filing of the instant action."

These actions arose shortly after the defendant, William Dubinsky and Sons, Inc., ("Dubinsky & Co."), failed to pay its produce suppliers in a timely fashion. The plaintiffs, all produce suppliers, sought to assert their rights under the Perishable Agricultural Commodities Act ("PACA"), including their rights as beneficiary of a trust created against Dubinsky. PACA, enacted by Congress in 1930 and expanded in 1984, regulates commerce in perishable agricultural commodities by establishing a mandatory licensing scheme and prohibiting certain unfair practices in the trading of such commodities. The Act establishes a scheme in which purchasers of agricultural commodities who buy on credit are required to hold the produce and any proceeds from the sale of the produce in trust for the unpaid seller.

At the request of the parties, the court developed and approved a claims procedure for all of Dubinsky & Co.'s produce suppliers.[1] Notice was sent to all PACA-claimants, which the court understood were persons or entities which had supplied produce to Dubinsky & Co., had not been paid in a timely fashion, had rights against funds held by Dubinsky & Co., and as to which PACA created a trust for their benefit. Notably, the

---

[1] The parties, and particularly Dubinsky & Co., sought this procedure in order to avoid bankruptcy, which it argued to the court would be more expensive and might thus result in less than 100 cents on the dollar of claims.

government was not on the service for the action.  See, e.g., Certificate of Service, Motion For Order Approving Settlement, For Dismissal of Action With Prejudice And For Permanent Injunction In Favor Of Defendants [Dkt. No. 89].  This court does not recall any reference to the USDA proceeding during the pendency of these actions.

At the time of the order, an administrative disciplinary action by the Perishable Agricultural Commodities Branch of the Agricultural Marketing Service of the U.S. Department of Agriculture ("USDA") was pending against Mr. Dubinsky, a co-defendant in these actions.  Under the PACA, if an administrative law judge finds that a licensed company violated the Act, possible sanctions include license revocation, and civil penalties.  See 7 U.S.C. § 499h(a), (e).  In addition, if the judge finds that an individual was "responsibly connected" to the sanctioned company, the administrative action could also result in restrictions on his or her employment.  See id. at § 499d(b), § 499h(b).  The USDA is not asserting a claim against the PACA trust assets.  Gov. Mem. In Supp. Of Mot. For Leave, Attach. A, Gov. Mem. In Supp. Of Mot. To Reopen [Dkt. No. 94] at 6.

The administrative complaint was filed on October 21, 2001.  At that time, a preliminary injunction in this case was already in effect, entered on December 15, 2000.  The preliminary injunction, which used language similar to the permanent injunction, stayed all pending "PACA actions," and barred all subsequent "PACA actions . . . except if brought in this court or asserted by way of the claim process set forth herein."  Order Entering Preliminary Injunction And Establishing Claims Procedure [Dkt. No. 30] at 6.

3

That claim process gave all "persons or entities having unsatisfied PACA claims against the defendants arising under or relating to the debts of the Company shall have the right to intervene in this action." Id. at 7.

The court entered the Permanent Injunction And Dismissal With Prejudice on December 13, 2001. [Dkt. No. 91]. On February 26, 2002, counsel for the defendant notified the USDA of the court's December 13 order, and of his belief that the order enjoined the pending disciplinary action.

Mr. Dubinsky had notice from the outset that the government intended to pursue its disciplinary action against him. The delay in prosecuting the suit was due partly to a series of discussions between the USDA and his attorney, in which Mr. Dubinsky's counsel took the position, beginning in February of 2002, that the disciplinary action was enjoined by this court's order. There were additional discussions between counsel and the USDA in November and December of 2002, and the USDA did not agree that its proceeding was barred by the permanent injunction. See Gov.'s Supp. Reply Br. [Dkt. No. 101] at 3. Out of a sense of caution, the USDA ultimately forwarded the case to the U.S. Attorney's Office, which filed this motion. The USDA did not give Mr. Dubinsky reason to believe that the disciplinary matter had been closed, and, to the contrary, discussions continued about the scope of this court's order and whether it enjoined the USDA's proceeding.

The suggestion that this court's injunction might preclude a pending, non-PACA-trust-claimant administrative proceeding by the USDA was not presented to this court by

the defendants at that time. Moreover, this court never intended its permanent injunction to enjoin the USDA's administrative proceedings and did not contemplate that issue in crafting the preliminary or permanent injunctions. The phrase "PACA-related claims" in the permanent injunction precludes additional claims from PACA trust creditors. The USDA was thus correct in its assessment that this court's injunction was not intended to preclude the disciplinary action.

## II.   CONCLUSION

For all the reasons discussed above, the court denies the motion to reopen as moot in light of the fact that the December 13, 2001 permanent injunction and order of dismissal with prejudice does not preclude the USDA's administrative proceeding.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 26th day of January, 2004.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge